**Viriato ROSE et al.**

v.

**Jane G. SHAW et al.**

**No. 2001–437–Appeal.**

Supreme Court of Rhode Island.

Dec. 27, 2002.

David S. Cass, North Kingstown, for Plaintiff.

Barbara E. Grady, for Defendant.

Before WILLIAMS, C.J., and LEDERBERG, FLANDERS and GOLDBERG, JJ, and WEISBERGER, C.J. (Ret.).

## OPINION

PER CURIAM.

This case came before the Court on December 9, 2002 for oral argument, pursuant to an order that had directed all parties to appear before the Court in order to show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the case should be decided at this time.

### Facts and Procedural History

On or about April 30, 1984, the plaintiffs Viriato Rose and Emily Rose established a trust known as "Sail Realty Trust" (trust), which was recorded in the land evidence records of the Town of Barrington. The plaintiffs were the sole beneficiaries of the trust and each owned a 50 percent undivided interest in the trust. On or about April 30, 1984, the trust purchased a parcel of real estate, a single-family home at 56 Hawthorne Road, Barrington, Rhode Island at the cost of $108,000. The purchase was financed by a down payment provided by plaintiffs, with a balance borrowed from Seacoast Mortgage Company in the amount of $86,400 secured by a mortgage on the property.

The plaintiffs' son, Jeffrey Rose, and Jane G. Shaw (Jane), had been married on May 21, 1983. Neither Jane nor Jeffrey Rose contributed to the purchase price of this property. However, on April 30, 1984, the trust agreed to allow Jeffrey Rose and his wife, Jane, to occupy the property under an agreement wherein they would maintain the property, pay the utilities, and also pay an amount sufficient to cover the mortgage payments and related expenses.

On or about March 12, 1993, Jane (then Jane Rose) filed a complaint for divorce against Jeffrey Rose. In the course of this proceeding, she alleged by affidavit and sworn testimony that the subject property was a marital asset. The plaintiffs and the trust were not named parties in that litigation. The plaintiffs allege that Jeffrey Rose never entered an appearance during the course of this divorce proceeding. Relying upon the allegations of Jane that the property was a marital asset, a justice of the Family Court entered a judgment which placed the subject property in trust, and ordered plaintiffs and the trust to convey a 50 percent interest in the subject property to Jane. The plaintiffs and the trust complied as a result of fear of being held in contempt of court. At that time, Jeffrey Rose was held at the Adult Correctional Institutions for contempt for failure to pay child support. The plaintiffs alleged that the approximate value of the equity transferred to Jane was between $80,000 and $100,000.

On May 15, 1996, the Family Court ordered Jeffrey Rose to pay $1,200 per month in child support to Jane and ordered that the subject property not be sold until the youngest child of Jane and Jeffrey became eighteen years of age.

On or about February 1998, plaintiffs and the trust agreed to convey the remaining 50 percent interest in the property to Jane in consideration of her waiving all past and future child support payments then due or to become due to Jane. The agreement was executed on June 11, 1998. The agreement was implemented by transferring plaintiffs' interest in the property to Jane and her new husband, John K. Shaw. Thereafter, Jane and John Shaw

sold the property and purchased a new home. Subsequently, Jane filed a motion in the Family Court to adjudge Jeffrey Rose in contempt for failure to pay child support. The court entered an order holding Jeffrey Rose in contempt.

The plaintiffs brought an action in the Superior Court which contained the foregoing allegations. The defendants filed a motion in the Superior Court to dismiss plaintiffs' complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted. A justice of the Superior Court, after hearing, granted the motion and dismissed plaintiffs' action on the ground that the Family Court would be in a better position to adjudicate this complaint since plaintiffs' allegations sought to "collaterally attack and undo in the Superior Court the Family Court's adjudication awarding Jane a fifty-percent beneficial interest in the marital domicile * * *." Although the Superior Court justice conceded that she had jurisdiction over the breach of contract action, she was of the opinion that she had no power to set aside a judgment of the Family Court by reason of a fraud committed upon that court. She held in effect that this case should be brought by plaintiffs in the Family Court in the first instance in attempt to remedy the alleged fraud, pursuant to Rules 24 and 60(b) of the Family Court Rules of Procedure for Domestic Relations. With this determination, we respectfully disagree.

The Family Court has no jurisdiction to determine a breach of contract action between these plaintiffs and Jane Shaw. Since the subject property has been sold, neither the Family Court nor the Superior Court can restore that property to plaintiffs. The only remedy which plaintiffs have or could seek would be money damages based upon the breach of contract

wherein Jane Shaw had promised to forego present and future child support in consideration of the transfer to her and her new husband of plaintiffs' interest in the subject property.

It is true that a Family Court judge might consider the transfer of this property as an element of determining whether Jeffrey Rose was relieved of his obligation of child support in a motion to adjudge Jeffrey Rose in contempt. However, even if the allegations of plaintiffs are proven in the Family Court, there is no certainty that Jeffrey Rose would be absolved from his obligation to support his children.

We are of the opinion that the Superior Court has jurisdiction to consider the breach of contract action as well as the allegations of fraud and deception. We are further of the opinion that the allegations of fraud and deception on the Family Court may have been waived by plaintiffs in their agreement, pursuant to which they transferred their interest in the property to Jane Shaw and her husband John. Jane Shaw's decision to proceed against Jeffrey Rose might well be determined in the Superior Court to be a breach of her contract, which could be remedied by pecuniary damages. The plaintiffs had a right to pursue this remedy in the Superior Court as opposed to seeking an uncertain remedy in the Family Court. Consequently, we sustain the appeal of plaintiffs and remand this case to the Superior Court with directions to reinstate plaintiffs' action and for further proceedings in respect thereto, consistent with this opinion.